NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HALLMARK CARE SERVICES, INC., DBA Castlemark Guardianship and Trusts, DBA Eagle Guardianship, a Washington Corporation; LORI PETERSEN, DBA Empire Care Services, | No. 17-35678 |
| | D.C. No. 2:17-cv-00129-JLQ |
| Plaintiffs-Appellants, | MEMORANDUM[*] |
| v. | |
| SUPERIOR COURT OF THE STATE OF WASHINGTON FOR SPOKANE COUNTY; SPOKANE COUNTY, | |
| Defendants-Appellees. | |

| | |
|---|---|
| HALLMARK CARE SERVICES, INC., DBA Castlemark Guardianship and Trusts, DBA Eagle Guardianship, a Washington Corporation; LORI PETERSEN, DBA Empire Care Services, | No. 17-35717 |
| | D.C. No. 2:17-cv-00129-JLQ |
| Plaintiffs-Appellees, | |
| v. | |
| SUPERIOR COURT OF THE STATE OF WASHINGTON FOR SPOKANE COUNTY; SPOKANE COUNTY, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted June 3, 2020[**]
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

Hallmark Care Services, Inc., and Lori Petersen (collectively, Hallmark) appeal the district court's grant of Spokane County's and Spokane County Superior Court's motion to dismiss.  The County and the Superior Court cross-appeal the district court's denial of the County's and Court's motion for sanctions under Federal Rule of Civil Procedure 11.

We have jurisdiction under 28 U.S.C. § 1291.  We review dismissals under *Rooker-Feldman de novo*, *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), dismissals based on immunity *de novo*, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and denials of Rule 11 sanctions motions for an abuse of discretion, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We affirm. Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

Hallmark's suit is barred by the *Rooker-Feldman* doctrine because the suit is functionally an appeal of a state-court judgment. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If a federal court gave Hallmark the relief sought, damages compensating Hallmark for the harm the state-court judgment caused, then the state-court judgment would be effectively nullified. *See Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012).

Even if *Rooker-Feldman* did not preclude subject-matter jurisdiction, the suit is barred by judicial immunity. The Superior Court had jurisdiction, *see* Wash. Rev. Code § 11.88.010(1), 11.88.120(1); *In re Guardianship of Lamb*, 265 P.3d 876, 883 (Wash. 2011), and the Superior Court's conduct was judicial. *Ashelman v. Pope*, 793 F.2d 1072, 1075–78 (9th Cir. 1986) (en banc). Procedural errors do not allow a litigant to circumvent judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Finally, the district court did not abuse its discretion in denying the County's and the Court's motion for Rule 11 sanctions. *See* Fed. R. Civ. P. 11. The district court concluded that the suit was not objectively legally baseless, *see Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005), and we see no compelling reason why

3

that conclusion was outside the ambit of the district court's broad discretion in such matters.

**AFFIRMED.**[1]

---

[1] Hallmark's Motion to Supplement the Record on Appeal, Dkt. 33, is DENIED.